IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY JOHN VENERI, JR.,          :
           Petitioner,          :
                          :
     v.          :          CIVIL ACTION NO. 21-CV-0304
                          :
STATE CORRECTIONAL          :
INSTITUTION: LAUREL HIGHLANDS,:
*et al.*,          :
           Respondents.          :

## MEMORANDUM

GOLDBERG, J.                                                  MARCH 5, 2021

In this Memorandum, the Court explains why it will enjoin Petitioner Anthony John Veneri, Jr. from filing successive *habeas* petitions challenging his 1979 convictions absent authorization from the United States Court of Appeals for the Third Circuit. The Court will also explain why it will direct Veneri to show cause as to why he should not also be enjoined from filing *mandamus* petitions challenging those same convictions.

### I.      VENERI'S LITIGATION HISTORY

The Court previously set forth the history of Veneri's convictions and the *habeas* petitions he filed in this Court, (*see* ECF No. 3) and will repeat that history here in support of the injunction. Petitioner Anthony John Veneri Jr. "was convicted in 1979 of robbery, kidnapping, larceny, firearms violations, and various other charges related to two separate bank robberies which occurred in July 1978."[1] *Veneri v. Fulcomer*, Civ. A. No. 90-2402, 1990 WL 156546, at *1 (E.D. Pa. Oct. 10, 1990); *see also Veneri v. Fulcomer*, Civ. A. No. 90-2402, 1990 WL 99021,

---

[1] The dockets for those criminal cases can be found at *Commonwealth v. Veneri*, CP-23-CR-0003526-1978 & CP-23-CR-0003713-1978 (Delaware C.P.).

at *1 (E.D. Pa. July 13, 1990) (explaining that Veneri is "serving a 25–50 year sentence resulting from his conviction by a jury in the court of Common Pleas of Delaware County of two separate armed robberies and a firearms violation"); *Commonwealth v. Veneri*, 240 A.3d 923 (Pa. Super. Ct. 2020) (Table) ("On January 31, 1979, a jury convicted Veneri of two bank robberies and related charges. The trial court sentenced him to twenty-five to fifty years of imprisonment to be served consecutive to a previously imposed sentence for armed robbery imposed by another state."). In 1990, Veneri filed a petition for a writ of habeas corpus in this Court, which was denied on the merits. *See Veneri*, 1990 WL 156546 at *2.

For the past three decades, Veneri has repeatedly attempted to attack his convictions. Following the denial of his first *habeas* petition, Veneri filed numerous petitions for a writ of *habeas corpus* in this Court, none of which yielded relief.[2] Veneri was repeatedly informed that this Court lacks jurisdiction to consider successive petitions challenging his 1979 convictions absent approval from the United States Court of Appeals for the Third Circuit,[3] but he

---

[2] *See Veneri v. Delaware Cty. Courthouse*, Civ. A. No. 21-70 (E.D. Pa.); *Veneri v. Commonwealth of Pa.*, Civ. A. No. 20-6394 (E.D. Pa.); *Veneri v. Commonwealth of Pa.*, Civ. A. No. 20-5730 (E.D. Pa.); *Veneri v. Commonwealth of Pa.*, Civ. A. No. 20-4437 (E.D. Pa.); *Veneri v. Commonwealth of Pa.*, Civ. A. No. 20-3637 (E.D. Pa.); *Veneri v. Commonwealth of Pa.*, Civ. A. No. 19-2029 (E.D. Pa.); *Veneri v. Commonwealth of Pa.*, Civ. A. No. 13-4546 (E.D. Pa.); *Veneri v. Commonwealth of Pa. Bd. of Prob. & Parole*, Civ. A. No. 12-1124 (E.D. Pa.); *Veneri v. Coleman*, Civ. A. No. 10-691 (E.D. Pa.); *Veneri v. Commonwealth of Pa. Bd. of Prob. & Parole*, Civ. A. No. 09-1666 (E.D. Pa.); *Veneri v. Coleman*, Civ. A. No. 09-447 (E.D. Pa.); *Veneri v. Johnson*, Civ. A. No. 01-774 (E.D. Pa.); *Veneri v. Mehann*, Civ. A. No. 01-624 (E.D. Pa.); *Veneri v. Johnson*, Civ. A. No. 00-321 (E.D. Pa.); *Veneri v. Ct. of Common Pleas of Delaware Cty., Pa.*, Civ. A. No. 98-4218 (E.D. Pa.); *Veneri v. White*, Civ. A. No. 96-4827 (E.D. Pa); *Veneri v. White*, Civ. A. No. 95-0821 (E.D. Pa.); *Veneri v. Domovich*, Civ. A. No. 93-5826 (E.D. Pa); *Veneri v. Domovich*, Civ. A. No. 92-2792 (E.D. Pa.); *Veneri v. Domovich*, Civ. A. No. 91-7237 (E.D. Pa). Some of these petitions also included claims challenging the denial of Veneri's parole. *See, e.g.*, *Veneri v. Commonwealth of Pa. Bd. of Prob. & Parole*, Civ. A. No. 12-1124 (E.D. Pa.); *Veneri v. Coleman*, Civ. A. No. 10-691 (E.D. Pa.).

[3] *See, e.g.*, *Veneri v. Commonwealth of Pa.*, Civ. A. No. 19-2029 (E.D. Pa.) (ECF No. 5); *Veneri v. Coleman*, Civ. A. No. 10-691 (E.D. Pa.) (ECF No. 2).

nevertheless continued to file successive petitions in this Court without permission from the Third Circuit.  His efforts to obtain permission from the Third Circuit to file a successive petition have thus far been unsuccessful.

In 2016, Veneri filed a petition for a writ of *mandamus* seeking release from custody on the grounds that his convictions were unconstitutional.  *See Veneri v. Delaware Cty. Courthouse*, Civ. A. No. 16-3649 (E.D. Pa.).  The Court dismissed that petition as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), explaining that federal courts lack authority to issue a writ of *mandamus* against state officials and that, in any event, a state prisoner seeking to challenge the constitutionality of his conviction in federal court must pursue his claims by filing a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  *Id.* (ECF Nos. 5 & 6).  The Court also struck the *habeas* petition that Veneri filed under the same docket number.  Veneri's appeal was unsuccessful.  *Id.* (ECF No. 9).  He thereafter filed another petition for a writ of *habeas corpus* on the docket for his *mandamus* case, which the Court dismissed without prejudice for lack of subject matter jurisdiction.  *Id.* (ECF No. 11).

In 2020, Veneri filed two new *mandamus* cases in which he essentially sought *habeas* relief.  *See Veneri v. Hainsworth*, Civ. A. No. 20-3561 (E.D. Pa.); *Veneri v. Hainsworth*, Civ. A. No. 20-4383 (E.D. Pa.).  In those cases, the Court dismissed Veneri's *mandamus* petitions as legally frivolous because it is improper to use a *mandamus* petition, rather than a *habeas* petition, to attack a state conviction and because a federal court may not issue a writ of *mandamus* against state officials pursuant to 28 U.S.C. § 1361.  The Court also reminded Veneri, in dismissing his *mandamus* petitions, that only the Third Circuit could grant him authorization to file a successive *habeas* petition.  Veneri nevertheless filed post-judgment petitions in his *mandamus* cases, including *habeas* petitions, all of which were stricken by the Court.  He also initiated a new

*mandamus* case, which was dismissed due to his failure to prosecute.  *Veneri v. Commonwealth of Pa.*, Civ. A. No. 20-5755 (E.D. Pa.).

In the meantime, Veneri continued to file new *habeas* petitions.  In a January 13, 2021 Order, this Court dismissed as unauthorized one of those petitions and warned Veneri that "if he continue[d] to file unauthorized successive habeas petitions over which this Court lacks jurisdiction, he may be subjected to filing restrictions."[4]  *Veneri v. Delaware Cty. Courthouse*, Civ. A. No. 21-70 (ECF No. 3).  Shortly thereafter, the Court received Veneri's *habeas* petition in the instant case, his twenty-first[5] successive petition challenging his 1979 convictions.  (ECF No. 1.)  As he had not obtained prior approval from the Third Circuit to file this successive petition, the Court, in a February 1, 2021 Order, dismissed the petition without prejudice for lack of subject matter jurisdiction and directed Veneri to show cause as to why he should not be enjoined from filing further successive petitions challenging his 1979 convictions absent prior approval from the Third Circuit.  (ECF No. 3 (citing 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002)).)  Two days later, the Court received a new *habeas* petition from Veneri, his twenty-second successive petition, which the Court dismissed

---

[4] Veneri's abusive litigation behavior had also been acknowledged by the United States Supreme Court, which enjoined him from filing petitions without paying the filing fees, and the United States Court of Appeals for the Third Circuit.  *See In re Veneri*, 531 U.S. 810 (2000) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1."); *In re: Veneri*, 3d Cir. No. 18-3546 (Mar. 19, 2019 Order) ("[W]e caution [Veneri] that he could face sanctions and filing restrictions if he continues to submit repetitive and vexatious filings to this Court.").

[5] This number does not include any successive post-judgment habeas petitions that Veneri filed in some of his *habeas* and *mandamus* cases.

for lack of subject matter jurisdiction as unauthorized.  *See Veneri v. Hainsworth*, Civ. A. No. 21-573 (E.D. Pa.).

In response to the Court's show cause Order, Veneri filed a "Motion-to-Disqualify Yourself" and a "Petition-for-a-Writ-of-Mandamus; Nunc-Pro-Tunc" that again attacks his 1979 convictions.  (ECF Nos. 4 & 5.)  He also filed post-judgment *mandamus* petitions in two of his recent *habeas* cases, which cases had been dismissed for lack of subject matter jurisdiction.  *See Veneri v. Delaware Cty. Courthouse*, Civ. A. No. 21-70 (E.D. Pa.) (ECF No. 4); *Veneri v. Hainsworth*, Civ. A. No. 21-573 (E.D. Pa.) (ECF No. 4).  In other words, after being directed to respond as to why the Court should not enjoin him from filing further unauthorized *habeas* petitions, Veneri has changed the label on his filings to seek the same relief under the guise of a *mandamus* petition, even though he has been repeatedly informed that there is no legal basis for such an approach.

## II.   DISCUSSION

Initially, the Court will deny Veneri's "Motion-to-Disqualify Yourself," which the Court construes as a recusal motion, because it does not set forth any legitimate basis for recusal and appears to be based solely on Veneri's disagreement with this Court's handling of his litigation. *See Liteky v. United States*, 510 U.S. 540, 554 (1994) (explaining that recusal is rarely justified based upon rulings made by the Court); *In re Brown*, 623 F. App'x 575, 576 (3d Cir. 2015) (*per curiam*) (recusal is not required merely because of a litigant's "dissatisfaction with District Court rulings").  Accordingly, it is appropriate for this Court to rule on the matter of a prefiling injunction.

A district court may enjoin "abusive, groundless and vexatious conduct" pursuant to 28 U.S.C. § 1651(a), the All Writs Act.  *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993).  This

"broad scope of . . . power . . . is limited by two fundamental tenets of our legal system—the litigant's due process and access to the courts." *Id.* "There are three requirements that must be met before a court may issue such an injunction: '(1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case.'" *Holman v. Hooten*, No. 11-78, 2015 WL 3798473, at *7 (E.D. Pa. June 17, 2015) (quoting *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013)); *see also Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir. 1990) (noting that a pre-filing injunction is "an extreme remedy that must be narrowly tailored and sparingly used"). While "*pro se* litigants are not entitled to special treatment," *Brown v. City of Phila.*, Nos. 05-4160, 06-2496, 06-5408, 08-3369, 2009 WL 1011966, at *15 (E.D. Pa. Apr. 14, 2009), the use of a pre-filing injunction against a *pro se* litigant "must be approached with caution." *Grossberger*, 535 F. App'x at 86 (citing *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982)).

## A.  *Habeas* Petitions

Here, Veneri has shown a pattern of filing successive *habeas* petitions, whether as new cases or in closed cases, that have not been authorized by the Third Circuit. The law has been explained to Veneri in orders dismissing those unauthorized successive petitions, but he has nevertheless continued to submit repetitive petitions to the Court. After being warned that such repetitive filings could subject him to restrictions, he filed new petitions in short order. Accordingly, the Court concludes that Veneri has shown that he will continue to file unauthorized successive *habeas* petitions unless he is precluded from doing so. Veneri has been given an opportunity to respond prior to the issuance of an injunction, and the injunction will be narrowly tailored to address the abusive conduct at issue. Importantly, nothing in the injunction

6

prevents Veneri from proceeding on any successive *habeas* petition challenging his 1979 convictions if he obtains authorization to do so from the Third Circuit.

**B.   *Mandamus* Petitions**

After the Court directed Veneri to show cause, he responded by filing three *mandamus* petitions in his most recent *habeas* cases, including this one, even though those cases had all been dismissed for lack of subject matter jurisdiction and closed.  He did so even though his three prior *mandamus* cases were dismissed as legally frivolous because it is improper to use a *mandamus* petition to seek *habeas* relief.  The Court will strike Veneri's post-judgment *mandamus* petition because it was improperly filed in this *habeas* action and is, in any event, frivolous for the same reasons his prior petitions were frivolous.  *Cf. Veneri v. Delaware Cty. Courthouse*, 3d Cir. No. 16-3624 (Dec. 13, 2016 Order (concluding that jurists of reason would not debate the district court's decision to strike Veneri's *habeas* petition because "[a]s the District Court explained, habeas relief was inappropriate because [Veneri] brought his case as a mandamus action")).

It appears to this Court that upon issuance of an injunction prohibiting the Clerk of Court from docketing unauthorized successive *habeas* petitions submitted by Veneri, Veneri's abusive filings will continue under another title.  More specifically, it appears that Veneri will continue to file for *habeas* relief under the guise of filing *mandamus* petitions, even though there is no legal basis for such petitions, and he has been informed of this legal principle.  The Court will therefore direct Veneri to show cause as to why the Court's injunction, which issues with this Memorandum, should not be expanded to prohibit Veneri from filing any *mandamus* petitions challenging his 1979 convictions, whether filed as a new action or as a post-judgment petition in a previously-filed case.

7

**III.     CONCLUSION**

For the foregoing reasons, the Court will deny Veneri's request that this Court recuse itself, enjoin him from filing further unauthorized successive *habeas* petitions challenging his 1979 convictions, and direct Veneri to show cause as to why the injunction should not be expanded to cover *mandamus* petitions.  An Order follows.